UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61956-CIV-COHN/SELTZER

MALIBU MEDIA, LLC,

    Plaintiff,

vs.

JOHN DOE subscriber assigned to IP address 98.203.64.27,

    Defendant.
_____/

ORDER GRANTING MOTION FOR LEAVE TO SERVE
THIRD PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE

THIS CAUSE is before the Court on Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (DE 6) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 5).  The Court having considered the Motion (DE 6), Supporting Documents (DE 6-1, DE 6-2, DE 6-3, and DE 6-4), and being otherwise fully advised, it is hereby ORDERED that the Motion (DE 6) is GRANTED as set forth below.

Plaintiff brings this action for copyright infringement against Defendant John Doe subscriber assigned to IP address 98.203.64.27.  See Complaint (DE 1).  According to Plaintiff, "[t]he John Doe Defendant's IP address has been habitually used to infringe Plaintiff's copyrighted works."  Memorandum at 3 (DE 6-1).  More specifically, Plaintiff contends that Defendant has used "the BitTorrent file distribution network, to commit direct copyright infringement."  Id.  Because Defendant used the internet, "Plaintiff only knows Defendant by his Internet Protocol ('IP') address . . . assigned to . . . Defendant by his

respective Internet Service Provider ('ISP')." Id. Plaintiff represents that the ISP can identify Defendant; the ISP "maintain[s] internal logs, which record the date, time and customer identity for each IP address assignment made by that ISP." Id.

Plaintiff now moves the Court for leave "to serve limited, immediate discovery on the John Doe Defendant's Internet Service Provider, Comcast Cable (hereafter, ISP) so that Plaintiff may learn Defendant's true identity."[1] Id. Pursuant to Federal Rule of Civil Procedure 26(d)(1), except for circumstances not applicable here, a party may not propound discovery in advance of a Rule 26(f) conference absent a court order. In determining whether to permit early discovery, courts generally apply a "good cause" standard. See, e.g., Malibu Media, LLC v. John Doe, No. 2:13-cv-259-FTm-99SPC, 2013 WL 2154818, at *1 (M.D. Fla. May 17, 2013); Patrick Collins v. Does, 1-1219, 2010 WL 5422569, at *2 (N.D. Cal. Dec. 28, 2011); Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008). "In internet infringement actions, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will

---

[1] "As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (recognizing that "[s]ervice of process can pose a special dilemma for plaintiffs in cases . . . [where] the tortious activity occurred entirely on-line"); see also Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 596 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her . . . can proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant."); Davis v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998) ("[C]ourts have rejected the dismissal of suits against unnamed defendants . . . identified only as 'John Doe's' . . . until the plaintiff has had some opportunity for discovery to learn the identities.").

destroy its logs prior to the conference." Malibu Media, 2013 WL 2154818, at *1 (quoting UMG Recording, Inc. v. Doe, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008)). Courts have also considered whether the defendant's expectation of privacy outweighs the need for the requested discovery. See Elektra Entm't Group, Inc. v. Doe, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008).

Considering the above-listed factors, this Court concludes that good cause exists for the expedited discovery sought by Plaintiff. Plaintiff has established a prima facie claim of copyright infringement (which requires ownership of a valid copyright, and copying of constituent elements of the work that are original). See Complaint (DE 1) with Attached Exhibits (File Hashes and Copyrights-in-Suit for IP Address 98.203.64.27) (DE 1-2 and DE 1-3); Declaration of Colette Field (co-owner of Malibu Media) (DE 6-2); Declaration of Tobias Fieser (forensic investigator) (DE 6-4). In addition, it appears that Plaintiff only has Defendant's IP address and lacks any other means of ascertaining Defendant's identity. From the IP address, the ISP can access the identifying information of the subscriber. See Declaration of Patrick Paige, former detective in computer crimes unit of Palm Beach County Sheriff's Department, ¶¶ 9, 10 (DE 6-3) ("[D]uring the initial phase of Internet based investigations, the offender is only known . . . by an IP address. The only entity able to correlate an IP address to a specific individual . . . is the Internet Service Provider (ISP)."); see also Malibu Media LLC v. John Does 1-2, No. 12-1342, 2012 WL 5928528, at *2 (C.D. Ill. Nov. 26, 2012) ("Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy."). Additionally, the

Court finds that Plaintiff's strong interest in ascertaining Defendant John Doe's true identity so that it may prosecute its copyright claim outweighs any privacy interest Defendant may possess.  See Call of the Wild Movie, LLC v. Does 1-1062, Nos. 10-455(BAH), 10-569(BAH), 10-1520(BAH), 2011 WL 996786, at **12 (D.D.C. March 22, 2011) ("[A] number of other jurisdictions . . . have deemed that a file sharer's First Amendment right to anonymity is 'exceedingly small.'"); Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("[D]efendants have little expectation of privacy in downloading and distributing copyrighted songs without permission.").

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (DE 6) is GRANTED as follows:

1.  Plaintiff may serve, pursuant to the Federal Rules of Civil Procedure, a subpoena on the relevant Internet Service Provider ("ISP") commanding production (to Plaintiff) of the true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned the IP address set forth on Exhibit A (DE 1-2) to the Complaint (DE 1).  Plaintiff shall attach a copy of this Order to any such subpoena.

2.  Plaintiff may also serve, pursuant to the Federal Rules of Civil Procedure, a subpoena in the same manner as above on any service provider that is identified in response to the subpoena as a provider of internet services to Defendant.

3.  If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),[2]

---

[2] Specifically, 47 U.S.C. § 522(5) defines "the term 'cable operator' [to] mean[] any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such a cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[.]"

it shall then comply with 47 U.S.C. § 551(c)(2)(B),[3] by sending a copy of this Order to Defendant.

4. Plaintiff may use the responsive information disclosed only to prosecute the claims made in its Complaint (DE 1).

DONE AND ORDERED in Fort Lauderdale, Florida, this 30th day of September 2014.

*[signature]*
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable James I. Cohn
United States District Judge

All Counsel of Record

---

[3] "A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant a court order authorizing such disclosure, [and] if the subscriber is notified of such order by the person to whom the order is directed[.]" 47 U.S.C. § 551(c)(2)(B).